KMA ZUCKERT LLC
1350 Broadway, Suite 2410
New York, New York 10018
(212) 991-5914
David Y. Loh

Attorneys for Plaintiff
GODIVA CHOCOLATIER, INC. and its
Subrogated cargo insurers
File: 448003.00012 DYL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
GODIVA CHOCOLATIER, INC. and its
Subrogated cargo insurers,                                    Docket No.

                         Plaintiff,

            -against-                                         **COMPLAINT**

M/V "MAERSK KOWLOON", her engines,
boilers, etc.; M/V "MSC ALICANTE",
her engines, boilers, etc.; COSTAMARE
SHIPPING CO SA; V SHIPS GREECE LTD.;
NERIDA SHIPPING CO.; CPO
CONTAINERSCHIFFREEDEREI; CLAUS-
PETER OFFEN REEDEREI; CPO ALICANTE
OFFEN REEDEREI; KUEHNE & NAGEL, INC.
Trading as Blue Anchor America Line; KUEHNE
& NAGEL NAK. LTD. STI.;
MEDITERRANEAN SHIPPING COMPANY
S.A.; MEDITERRANEAN SHIPPING
COMPANY (USA) INC.

                         Defendant(s).
-----------------------------------------------------------X

        Plaintiff, GODIVA CHOCOLATIER, INC. and its subrogated cargo insurers, by its

attorneys, KMA ZUCKERT LLC, as and for its complaint herein, alleges upon information and

belief:

## JURISDICTION

1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure;

2.     This claim also arises out of the intrastate, interstate, and international shipment of cargo which involves issues of interstate commerce and federal common law, and the matter in controversy exceeds ten thousand dollars ($10,000), exclusive of interest and costs, giving rise to jurisdiction pursuant to 28 U.S.C. § 1331 and 1337.  There also is supplemental jurisdiction under 28 U.S.C. § 1367 in this action.

## THE PARTIES

3.     Plaintiff GODIVA CHOCOLATIER, INC. is a corporation organized under the laws of one of the fifty states, with a principal place of business located at 650 E. Neversink Road, Reading, PA   19606-3208, and is in the business of selling various chocolates and sweets, including gift boxes of chocolates, to customers throughout the U.S.

4.     Plaintiff "Subrogated cargo insurers" is a marine cargo underwriter, known as Zurich American Insurance Company, which is a New York corporation engaged in the insurance business with a statutory home office located at 4 World Trade Center, 150 Greenwich Street, New York, NY 10007, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196, and is authorized to transact business and has transacted business in New York, subscribing to Open Policy No. OC 5845477, under Claim Number 5730066404, and is subrogated to the rights and responsibilities of its subrogor, GODIVA CHOCOLATIER, INC., by virtue of its payment of $46,108.60 under the involved insurance policy, plus refrigeration services, survey fees and expenses, which provides for coverage for transit-related damage or loss arising from the international carriage of cargo.

2

5.      Defendant COSTAMARE SHIPPING CO S.A. is a foreign corporation or other business entity organized under the laws of Greece, with a place of business located at Costamare Building, 60, Zefyrou Street & A Syngrou Avenue, 175 64 Athens, Greece.

6.      Defendant V SHIPS GREECE LTD. is a foreign corporation or other business entity organized under the laws of Greece, with a place of business located at 3, Agiou Dionysiou Street, 185 45 Piraeus, Greece.

7.      Defendant NERIDA SHIPPING CO. is a foreign corporation or other business entity organized under the laws of Greece, with a place of business located at c/o Costamare Shipping Co SA, Costamare Building, 60, Zefyrou Street & A Syngrou Avenue, 175 64 Athens, Greece.

8.      Defendant CPO CONTAINERSCHIFFREEDEREI is a foreign corporation or other business entity organized under the laws of Germany, with a place of business located at Bleichenbruecke 10, 20354 Hamburg, Germany.

9.      Defendant CLAUS-PETER OFFEN REEDEREI is a foreign corporation or other business entity organized under the laws of Germany, with a place of business located at Bleichenbruecke 10, 20354 Hamburg, Germany.

10.     Defendant CPO ALICANTE OFFEN REEDEREI is a foreign corporation or other business entity organized under the laws of Germany, with a place of business located at c/o Reederei Claus-Peter Offen GmbH & Co KG, Bleichenbruecke 10, 20354 Hamburg, Germany.

11.     Defendant KUEHNE & NAGEL, INC. trading as Blue Anchor America Line is a corporation organized under the laws of one of the fifty states, with a principal place of business located at 30 Montgomery Street, Jersey City, NJ  07302-3829.

12.     Defendant KUEHNE & NAGEL NAK. LTD. STI. is a foreign corporation or other business entity organized under the laws of Turkey, with a place of business located at Sueleyman

3

Demirel Bulvar Kat:6-7, 34490 Basaksehir, Turkey.

13.     Defendant MEDITERRANEAN SHIPPING COMPANY S.A. is a foreign corporation or other business entity organized under the laws of Switzerland, with a principal place of business located at Chemin Rieu 12, 1208 Geneva, Switzerland.

14.     Defendant MEDITERRANEAN SHIPPING COMPANY (USA) INC. is a New York corporation with a principal place of business located 420 Fifth Avenue, 8th Floor, New York, NY 10018-2702.

15.     Defendants, at all times hereinafter alleged, were common carriers engaged in transportation pursuant to various federal statutes governing the international, interstate and intrastate carriage of goods.

16.     At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated above, and were and now are engaged as warehousemen, bailees, or common carriers of merchandise and/or owned, operated, managed, chartered and controlled the above named vessels or other conveyances.  The vessels are now, or will be within the jurisdiction of this Court during the pendency of this action.

## AS AND FOR A FIRST CAUSE OF ACTION
## BREACH OF COMMON CARRIAGE

17.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" of this complaint as if more fully set forth herein.

18.     On or about the dates and at the ports of shipment stated in Schedule "A", attached hereto and by this reference made a part hereof, there was delivered to the vessels or other conveyances and defendants in good order and condition, the shipment described in Schedule "A", which said vessels or other conveyances and defendants received, accepted and agreed to transport for

4

certain consideration.

19.     Thereafter, the said vessels or other conveyances and defendants delivered the shipment, however, not at the port of destination described in Schedule "A" and the aforesaid shipments were short, missing and/or damaged.

20.     By reason of these premises, the above named vessels or other conveyances and defendants breached, failed and violated their duties and obligations as carriers, warehousemen, and bailees, or were otherwise at fault.

21.     Plaintiff's subrogor was the shipper, consignee, owner, or underwriter of the shipment described in Schedule "A", and brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

22.     Plaintiff and Plaintiff's subrogor have duly performed all duties and obligations on its part to be performed.

23.     By reason of these premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $46,108.60, plus transit-related costs and prejudgment interest from July 22, 2019.

## AS AND FOR A SECOND CAUSE OF ACTION
### NEGLIGENCE

24.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23" of this complaint as if more fully set forth herein.

25.     That defendants their agents, servants and employees conducted themselves during the custody, control, handling, transportation and care of such property in a negligent manner and in such a way as to be totally oblivious to plaintiff's and its agents' rights in such property.

5

26. That defendants' willful negligence and improper conduct with respect to the custody, control, handling, transportation and care of such property resulted in loss, damage and deterioration to the cargo.

27. That by reason of defendants' willful negligence and improper conduct, plaintiff has been damaged in the sum of $46,108.60, plus transit-related costs and prejudgment interest from July 22, 2019.

## AS AND FOR A THIRD CAUSE OF ACTION
### GROSS NEGLIGENCE

28. Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "27" of its complaint as if fully set forth at length herein.

29. The loss and/or damage of plaintiff's cargo was proximately caused by the gross negligence of defendants, jointly and/or severally, in total disregard of their respective obligations to properly transport, store, secure and/or handle the shipment, and generally acting in a manner so as to totally disregard their respective duties and obligations to keep and provide for the proper safety of the shipment.

30. As a result of the gross negligence of defendants, jointly and/or severally, plaintiff has sustained damage in the sum of $46,108.60, plus transit-related costs and prejudgment interest from July 22, 2019.

## AS AND FOR A THIRD CAUSE OF ACTION
### BREACH OF ACCESSORIAL SERVICES

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "30" of this complaint as if more fully set forth herein.

32. That defendants agreed to provide certain refrigeration services for the international carriage of cargo as further described in Schedule "A" in exchange for a sum certain.

6

33.    That defendants charged an additional fee of $700 for refrigeration monitoring and another $400 for reefer consumption charge.

34.    That defendants received the cargo in good condition, failed to provide the requested refrigeration services as promised in exchange for a sum certain, and their failure to provide said refrigeration services was the proximate cause of the loss of the cargo, entrusted to them, jointly and/or severally, resulted in the cargo becoming short, damaged, and/or destroyed.

35.    That in willful breach of their obligation to provide the requested refrigeration services, resulted in defendants damaging the cargo.

36.    That by reason of defendants' joint and several willful breach of its bailment obligation, plaintiff has been damaged in the sum of $46,108.60, plus transit-related costs and prejudgment interest from July 22, 2019.

WHEREFORE, plaintiff requests:

(a) That process in due form of law according to the practice of this Court may issue against these defendants.

(b) That if defendants cannot be found within the district that all of their property within this district be attached in the sum set forth in this complaint, together with interest and costs.

(c) That a judgment be entered in favor of plaintiff, on each count, for the amounts stated in this complaint, together with interest and costs.

(d) That in the event there is an arbitration clause which governs this dispute, the complaint be deemed a demand for arbitration in accordance with the terms and conditions of that arbitration clause.

(e) Plaintiff further requests such other and further relief as to this Court may seem just and proper.

Dated: New York, New York
       February 11, 2021

                            KMA ZUCKERT LLC
                            Attorneys for Plaintiff
                            GODIVA CHOCOLATIER, INC. and its
                            subrogated cargo insurers

By:                                  
                            David Y. Loh
                            1350 Broadway, Suite 2410
                            New York, N. Y.  10018
                            Tel. (212) 991-220-3830
                            Our File:  448003.00007 DYL

## SCHEDULE A

| | |
|---|---|
| Shipper: | ISTANBUL GIDA DIS TICARET A.S. |
| Consignee: | GODIVA CHOCOLATIER, INC. |
| Vessel: | "MAERSK KOWLOON," Voy. 929W/"MSC ALICANTE," Voy. NT929R |
| Place to Deliver to First Carrier: | Silivri, Istanbul, Turkey |
| Date of Shipment: | July 22, 2019 |
| Bills of Lading: | HBL:  BANQIST0439102 2910-9116-907.040<br>MBL:  MEDUI1025044 |
| Intended Point of Delivery: | Orefield, Pennsylvania |
| Shipment: | chocolate pearl |
| Nature of Loss: | temperature abuse; failure to provide requested refrigeration services |
| Amount of Loss: | $46,108.60, plus transit-related costs and prejudgment interest from July 22, 2019 |
| KMAZ File No.: | 448003.00007 DYL |
| Zurich Ref: | 5730066404 |